**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-03-112-M |
| ) | (CIV-06-430-M) |
| HINEPHETH VILAYTHONG, ) | |
| ) | |
| Defendant-Movant. ) | |

**ORDER**

Defendant-Movant Hinepheth Vilaythong ("Vilaythong"), a federal prisoner, filed his 28 U.S.C. § 2255, a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a supplement to his § 2255 motion on April 17, 2006. On June 7, 2006, plaintiff-respondent United States of America filed a Response to Defendant Vilaythong's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 3, 2006, Vilaythong filed his reply to the government's response.

I.   Introduction

Vilaythong and three co-defendants were charged in a 26-count Indictment charging conspiracy to possess with intent to distribute methylenedioxymethamphetamine ("MDMA"), commonly referred to as ecstasy, and cocaine powder (Count 1). Vilaythong was also charged with substantive distributions of both ecstasy and cocaine (Counts 10, 11, 12, 13 and 14). Specifically, paragraph 13 of the Manner and Means portion of the conspiracy count (Count 1) states that: "During the period of the conspiracy, members of the conspiracy used firearms to protect the drugs as well as the proceeds from the distribution of the ecstasy and cocaine powder." Superseding Indictment, at 4.

On November 10, 2003, trial commenced against Vilaythong and two co-defendants, and on

November 13, 2003, Vilaythong pled guilty to Count 1 of the Superceding Indictment. As part of his plea agreement, Vilaythong waived his right to appeal or collaterally challenge his sentence and conviction. On May 6, 2004, Vilaythong was sentenced to a term of 120 months. Despite having entered into a plea agreement, Vilaythong filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit on May 17, 2004. On December 9, 2004, the government filed a Motion for Enforcement of the Plea Agreement with the Tenth Circuit. On December 13, 2004, appellate counsel for Vilaythong filed an opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). By Order filed April 7, 2005, the Tenth Circuit granted the government's Motion to Enforce Plea Agreement and dismissed Vilaythong's appeal, finding in part, that Vilaythong's waiver of appellate rights set forth in his plea agreement met the criteria set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), and that Vilaythong was sentenced to the statutory minimum.

II.     Discussion

In his § 2255 motion, Vilaythong asserts (1) his sentence has resulted in an additional year of incarceration because his appellate counsel was ineffective for not properly challenging the firearm indictment; (2) the gun enhancement was not part of his plea agreement in this case and the sentencing on this basis resulted in a breach of the plea agreement; and (3) the gun enhancement was not proven beyond a reasonable doubt and, thus, constituted a structural error or otherwise a constitutional violation. The government contends that Vilaythong's claims are barred by the waiver of collateral review rights provision contained in his plea agreement. In his reply, Vilaythong concedes the government's premise that the waiver in the plea agreement forecloses a collateral attack by the defendant-movant. Furthermore, Vilaythong alleges that the Court should have applied

the reasonable doubt standard of proof at sentencing, rather than the preponderance of the evidence standard of proof. Therefore, the remaining issue for the Court to address is whether the instant challenge falls within the scope of the waiver of appellate rights.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 8 of Vilaythong's plea agreement provides:

> Defendant understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

        agreement, knowingly and voluntarily waives his right to:
- a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
- b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines.
- c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Plea Agreement at ¶ 8 [docket no. 130].

      The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Vilaythong's appeal and collateral attack rights. As stated, Vilaythong makes allegations in his reply concerning the varying standards of proof. However, the only issues Vilaythong is entitled to raise in this appeal are those expressly reserved in the plea agreement, and the matter raised was not reserved. Accordingly , the Court finds that the grounds for relief asserted in his reply fall within Vilaythong's waiver of collateral attack rights, and specifically within paragraph 8(b) of the Plea Agreement.

The Court further finds that Vilaythong knowingly and voluntarily waived his right to collaterally attack his sentence. The language of the Plea Agreement specifically provides that Vilaythong "knowingly and voluntarily waives his right to ... appeal or collaterally challenge his guilty plea and any other aspect of his conviction". Plea Agreement at ¶ 8.a [docket no. 130]. Furthermore, the Court specifically questioned Vilaythong whether he understood the nature of the rights he was waiving and the charges against him, and he responded in the affirmative.

The Court also finds that enforcing the waiver will not result in a miscarriage of justice. Specifically, Vilaythong was sentenced within the guideline range and below the statutory maximum. Furthermore, nothing in the records reveals that the negotiation of the appellate waiver was made pursuant to ineffective assistance of counsel or that the waiver is otherwise unlawful.

In addition, the Tenth Circuit also found that Vilaythong's waiver of appellate rights set forth in his Plea Agreement meets the instant criteria.

III.   Conclusion

The Court, therefore, DISMISSES Vilaythong's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 14th day of May, 2008.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE